# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 18-mj-3038WQH |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| JESUS ELIAS VILLA-TERAN, | |
| Defendant. | |

HAYES, Judge:

This matter comes before the Court on Defendant's Notice of Appeal to the District Court. (ECF No. 14).

## BACKGROUND FACTS

On June 5, 2018, a complaint was filed charging that Defendant "an alien, did knowingly elude examination and inspection by Immigration Officers, a misdemeanor; in violation of Title 8, United States Code, Section 1325(a)(2)." (ECF No. 1).

On June 12, 2018, Defendant, represented by counsel, entered a plea of guilty to the misdemeanor charge before the United States Magistrate Judge. At the time of the plea, the Magistrate Judge informed Defendant of his right to a non jury trial, his right to the assistance of counsel, his right to confront and cross-examine witnesses, his right to testify, his right to present evidence, his right to compel attendance of witnesses, and his right to remain silent.

The Magistrate Judge stated the elements of the charge as follows: "The elements are, One, you are not a citizen of the United States at the time of the offense. Two, you

- 1 -

entered the United States at a time and place other than as designated by immigration officers." The Magistrate Judge asked the Defendant if he understood that by pleading guilty you'll be admitting those elements?" Defendant responded: "Yes." (ECF No. 17 at 5). The Magistrate Judge informed Defendant that the maximum penalty for the offense was "up to six months in custody, a $5,000 fine, and a penalty assessment of $10." *Id.*

The Magistrate Judge stated "Do you understand that once you are sentenced today, you will not be able to withdraw your guilty plea?" Defendant responded: "Yes." *Id*. at 6. The Magistrate Judge reviewed the plea agreement in which the Government agreed to recommend a time-served sentence and the Defendant agreed to give up his right to appeal or otherwise attack the conviction and sentence. Defendant stated that he understood. The Government then stated in open court the following facts in support of the plea:

> [O]n June 4th of this year, Mr. Villa was not a citizen of the United States. And, further, Mr. Villa entered the United States from Mexico by eluding examination and inspection at a place other than as designated by immigration officers; to wit, by crossing the international boundary on foot approximately three miles east of the Otay Mesa, California Port of Entry, where there was no port of entry.

*Id*. at 7. The Magistrate Judge asked the Defendant "Mr Villa, is everything [government counsel] just said absolutely true?" Defendant responded: "Yes." *Id*. at 8. Defendant then stated that he pled guilty to the complaint charging "misdemeanor illegal entry." *Id.* The Magistrate Judge found the plea was made knowingly and voluntarily with a full understanding of the nature of the charge, Defendant's rights, and the consequences of the plea. The Magistrate Judge found the plea had a "factual basis" and accepted the plea. *Id.* The Magistrate Judge entered a judgment imposing a sentence of time served. Counsel for the Defendant confirmed the waiver of appeal. Defendant was released from custody.

On June 20, 2018, Counsel for Defendant filed a Notice of Appeal from the Judgment entered by the Magistrate Judge. Defendant contends that the Magistrate Judge failed to properly inform him about the nature of the charged offense in violation

of Rule 11(b)(1)(G). Defendant asserts that he was charged with eluding examination and inspection under 8 U.S.C. § 1325(a)(2) and the magistrate judge advised him of the elements of entered at a non-designated place under 8 U.S.C. § 1325(a)(1). Defendant contends that the Court must vacate his guilty plea and remand this case to the Magistrate Judge for further proceedings to remedy the Rule 11 violation.

Plaintiff United States contends that Defendant's admission that he was not a citizen of the United States and that he eluded examination and inspection by entering the U.S. from Mexico at a time and place other than as designated by immigration officers properly formed the factual basis for the violation of § 1325(a)(2). Plaintiff United States asserts that the record demonstrates that the Defendant understood the charge. Plaintiff United States contends that review in this case is for plain error because Defendant did not object to any aspect of the plea or sentencing. Plaintiff United States contends that a timely objection would have allowed the opportunity to correct any asserted error.

## **RULING OF THE COURT**

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U. S. C. § 3402. Rule 58(g)(2)(B) of the Rules of Criminal Procedure provides that "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B). Defendant filed a timely appeal claiming a violation of the requirements of Federal Rule of Criminal Procedure 11(b)(1)(G).

Because the Defendant failed to raise this claim before the Magistrate Judge, this court reviews the claim under the plain error standard. "To grant relief under the plain error standard, the court must determine: (1) there was error, (2) that is plain, and (3) that affects substantial rights. However, even if those requirements are met, we will exercise our discretion to correct the error only if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Corivan-*

*Sandoval*, 462 F.3d 1090, 1093 (9th Cir. 2006)(internal quotations and citations omitted).

Rule 11 requires a trial judge, before accepting a guilty plea, to engage in a colloquy with the defendant to confirm that the defendant understands, among other things, "the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). In evaluating the adequacy of a Rule 11 colloquy, the court examines the record of the plea proceeding itself. *United States v. Kamer*, 781 F.2d 1380, 1383 (9th Cir.1986). "To obtain a reversal of a conviction based on Rule 11 error, the defendant must show, based upon the entire record, that the error affected his substantial rights." *United States v. Monzon*, 429 F.3d 1268, 1271-72 (9th Cir. 2005). Defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). "A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *Id.* (internal quotation marks and citations omitted).

In this case, Defendant was charged in a complaint entitled "Title 8, USC Illegal Entry (misdemeanor)" charging that Defendant "did knowingly elude examination and inspection by Immigration Officers, a misdemeanor: in violation of Title 8 United States Code, Section 1325(a)(2)." (ECF No. 1). Defendant was appointed counsel and arraigned on the complaint. Six days after the first appearance, the Magistrate Judge conducted the change of plea hearing with Defendant and all counsel in open court. At the start of the hearing the Clerk of the Court stated: "You each formally entered a not guilty plea to the charge of illegal reentry by misdemeanor. Do you now wish to change your plea from not guilty to guilty?" (ECF No. 17 at 2). Defendant responded "Yes." *Id.* at 3. The Magistrate Judge stated,

> I am advised that each of you plans to enter a guilty plea today to the misdemeanor complaint against you; understanding you have an oral agreement with the United States, by which in exchange for your agreement to plead guilty and – and agree to immediate sentencing and waive your right to appeal or collaterally attack your conviction and your sentence, the United States agrees to recommend a sentence against you

- 4 -

of time served and agrees not to file any more serious charges against you.
*Id.*

The Magistrate Judge stated the elements of the charge as follows: "The elements are, One, you are not a citizen of the United States at the time of the offense. Two, you entered the United States at a time and place other than as designated by immigration officers." The Magistrate Judge asked the Defendant if he understood that by pleading guilty you'll be admitting those elements?" Defendant responded: "Yes." (ECF No. 17 at 5). Counsel for the Government stated in open court the following facts in support of the plea:

> [O]n June 4th of this year, Mr. Villa was not a citizen of the United States. And, further, Mr. Villa entered the United States from Mexico by eluding examination and inspection at a place other than as designated by immigration officers; to wit, by crossing the international boundary on foot approximately three miles east of the Otay Mesa, California Port of Entry, where there was no port of entry.

*Id*. at 7. The Magistrate Judge asked the Defendant "Mr Villa, is everything [government counsel] just said absolutely true?" Defendant responded: "Yes." *Id*. at 8. Defendant then stated that he pled guilty to the complaint charging "misdemeanor illegal entry." *Id.* The Magistrate Judge found the plea was made knowingly and voluntarily with a full understanding of the nature of the charge, Defendant's rights, and the consequences of the plea. The Magistrate Judge found the plea had a "factual basis" and accepted the plea. *Id.* The Magistrate Judge entered a judgment imposing a sentence of time served. Counsel for the Defendant then confirmed the waiver of appeal. Defendant was released from custody.

The Magistrate Judge found a factual basis for the plea and accepted the plea as knowing. Defendant accepted the benefit of the plea agreement and did not object at the time of sentencing to any aspect of the plea or sentencing. The charge was not complex and nothing in the record suggests that any error in the elements colloquy affected Defendant's substantial rights or seriously affected the fairness of the proceedings. *See Monzon*, 429 F.3d at 1272. The error in the elements stated by the Magistrate Judge was immediately followed by the accurate statement of the factual

basis and the Defendant's agreement with the factual basis.

In this case, Defendant's admissions that he was not a citizen of the United States and that he "knowingly elude examination and inspection by entering the U.S. from Mexico at a time and place other than as designated by immigration officers" (ECF No. 17 at 7-8) satisfied the requirement that the court must determine that "there is a factual basis for the plea." Fed. R. Crim P. 11(b)(3). Counsel for Defendant raised no objection regarding the plea or sentence and Defendant accepted the time served sentence as agreed in the plea agreement. There is no basis to conclude that a reasonable probability exists that "but for the error, [Defendant] would not have entered the plea." *Dominguez Benitez*, 542 U.S. at 83.

IT IS HEREBY ORDERED that Defendant's Notice of Appeal to the District Court (ECF No. 14) is denied. Defendant's conviction is affirmed.

DATED: January 29, 2019

**WILLIAM Q. HAYES**
United States District Judge